[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13397
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20494-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO DEJESUS OSPINA-PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BIRCH, Circuit Judges.

PER CURIAM:

Mauricio DeJesus Ospina-Pineda ("Ospina-Pineda") appeals his 121-month

sentence imposed for conspiracy to distribute one kilogram or more of heroin with intent to import into the United States in violation of 21 U.S.C. § 963. Ospina-Pineda argues that the district court incorrectly included a Massachusetts state court conviction for cocaine trafficking when calculating his criminal history category. Alternatively, he contends that the government should be estopped from using the state court conviction in determining his criminal history category because the government deported him immediately after that conviction. His deportation, in turn, prevented him from perfecting his challenge against the state court conviction. We find both arguments less than convincing. Accordingly, we AFFIRM.

## I. BACKGROUND

Ospina-Pineda pled guilty, with the benefit of a plea agreement, to one count of conspiracy to distribute one kilogram or more of heroin with the intent to import into the United States, in violation of 21 U.S.C. § 963. Ospina-Pineda was one of many individuals involved in a heroin trafficking conspiracy to import shipments of heroin into the United States from Colombia. The conspiracy required corrupt Colombian law enforcement officials to smuggle drugs through airport checkpoints and onto commercial flights bound for Miami, where purportedly corrupt airport employees, i.e., undercover law enforcement officers, would offload the hidden

2

drugs.

The probation officer calculated Ospina-Pineda's base offense level at 34 pursuant to U.S.S.G. § 2D1.1(a)(3)(Nov. 2007).[1]  After a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, Ospina-Pineda's total offense level was 31.  The probation officer calculated three criminal history points resulting in a criminal history category of II.  See U.S.S.G. § 4A1.1(a).  The probation officer based those three points on Ospina-Pineda's Massachusetts cocaine trafficking conviction in which he was found guilty by a jury, sentenced to ten years of imprisonment, and released to an immigration detainer.  Based on a total offense level of 31 and a criminal history category of II, Ospina-Pineda's guideline imprisonment range was 121 to 151 months of imprisonment.  See U.S.S.G. Ch.5 Pt.A.  The statutory minimum term of imprisonment was ten years. See 21 U.S.C. § 960(b)(1)(A).

Ospina-Pineda filed pro se objections to the PSI, later adopted by his attorney.  Ospina-Pineda objected to the calculation of his criminal history points and noted that his state court conviction had been remanded to the Superior Court in Massachusetts.  According to Ospina-Pineda, he was unable to pursue that case because the government deported him back to Colombia.  The probation officer

---

[1] Ospina-Pineda conceded that the drug quantity at issue was 5.126 kilograms of heroin.

3

responded that the Massachusetts Appeals Court vacated the Superior Court's order denying Ospina-Pineda's second motion for a new trial and remanded the case to the Superior Court for further proceedings consistent with that opinion. Because Ospina-Pineda's conviction still stood, it produced the three criminal history points at issue.

The district court ultimately overruled Ospina-Pineda's objections and explained that

> [t]he only issue here, sir, now, on this point is whether or not the Massachusetts conviction stands. That's the issue. That's the issue I am concerned with right now. As far as I am concerned, from this point in time the Massachusetts conviction stands. It's been five years, adequate time for that Court to have ruled and they haven't.
>
> If at some point in time that issue changes, you can revisit what sentence, if any, there is. But as far as pointing this case for your guideline calculation, that conviction stays.

R3 at 8-9. The district court found that the advisory guideline range adequately reflected the 18 U.S.C. § 3553(a) factors and sentenced Ospina-Pineda to 121-months of imprisonment and five years of supervised release. Id. at 19-20.

## II. DISCUSSION

We review the district court's factual findings for clear error and its application of the sentencing guidelines to the facts de novo. United States v.

4

McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006) (per curiam). Section 4A1.2 of the sentencing guidelines provides the district court with instructions for computing a defendant's criminal history. See generally U.S.S.G. § 4A1.2. Pursuant to § 4A1.2(*l*), the district court counts prior sentences under appeal toward a defendant's criminal history. Id. § 4A1.2(*l*). However, the district court does not count sentences that have been reversed or vacated because of legal errors. Id. § 4A1.2, comment. (n.6). Additionally, the district court does not count sentences that have been ruled constitutionally invalid. Id. Moreover, in United States v. Walker, 198 F.3d 811, 813-14 (11th Cir. 1999) (per curiam), we held that if a federal defendant has, in state court, successfully attacked a prior state conviction previously used to enhance his federal sentence, the district court may reopen and reduce his federal sentence in a federal habeas corpus proceeding. With regard to estoppel, it is well established that to make out such a claim against the government, a party must provide evidence of the following: "(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; (3) detrimental reliance; and (4) affirmative misconduct by the Government." United States v. McCorkle, 321 F.3d 1292, 1297 (11th Cir. 2003).

With that legal landscape in mind, we turn to Ospina-Pineda's arguments.

5

First, we conclude that the district court did not err by including the Massachusetts cocaine trafficking conviction in Ospina-Pineda's criminal history calculation. However, pursuant to Walker, we recognize Ospina-Pineda's right to petition the district court to reopen and reduce his federal sentence in a federal habeas proceeding if the state court vacates his cocaine trafficking conviction. Second, we find that Ospina-Pineda has failed to provide any evidence to support an estoppel claim against the government for his previous deportation. See McCorkle, 321 F.3d at 1297. Although the government deported Ospina-Pineda prior to the completion of his state court challenge, no evidence has been presented that the government induced reliance, acted negligently, or engaged in misconduct. Consequently, Ospina-Pineda's estoppel argument fails.

### III. CONCLUSION

Ospina-Pineda appeals his 121-month sentence and argues that the district court incorrectly included a Massachusetts state court conviction for cocaine trafficking when calculating his criminal history category. Alternatively, he contends that the government should be estopped from using the state court conviction in determining his criminal history category because the government deported him immediately after that conviction. We find no merit in either argument. Accordingly, we AFFIRM.

6

**AFFIRMED.**